UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


RICHARD P. EMMONS and
SABRINA M. EMMONS                                         PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:11CV99-RHW

CAPITAL ONE, N.A. et al                                   DEFENDANTS


**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendants' [20] Motion for Judgment on the

Pleadings.  The moving Defendants are Specialized Loan Servicing, LLC (SLS); Capital One,

N.A., f/k/a Chevy Chase Bank, F.S.B. (Capital One); Mortgage Electronic Registration Systems,

Inc. (MERS); and U.S. Bank, N.A.  Defendant Morris & Associates (Morris) has joined in the

motion for judgment on the pleadings.  At issue in the lawsuit is Defendants foreclosure on

Plaintiffs' home.

On September 22, 2006, Plaintiffs executed an adjustable rate note and deed of trust with

Chevy Chase Bank (now known as Capital One) for a property located in Vancleave, Mississippi.

The deed of trust listed MERS and MERS' successors and assigns as beneficiary and nominee.

On April 9, 2010, MERS assigned the deed of trust to U.S. Bank.  It is undisputed that Plaintiffs

defaulted on the note.  The Defendants then proceeded with a non-judicial foreclosure.  Plaintiffs

filed the instant complaint alleging (1) wrongful foreclosure, (2) slander of title, (3) private

nuisance, and (4) violation of the Fair Debt Collection Practices Act (FDCPA).

**Parties' Arguments**

Defendants filed the instant motion for judgment on the pleadings and argue that MERS

properly assigned the deed of trust to U.S. Bank and that the assignment demonstrated U.S. Bank's status as holder of the note; therefore, Plaintiffs owed U.S. Bank the debt.  Plaintiffs defaulted on the note.  Thus, Defendants argue that they were entitled to enforce the note by way of non-judicial foreclosure.  Defendants further argue that because the foreclosure was proper, Plaintiffs' remaining contentions fail as a matter of law.

Plaintiffs counter with several arguments and pose numerous questions regarding the transfers and assignments of the note and deed of trust.  Plaintiffs' primary contention is that U.S. Bank did not have standing to conduct a non-judicial foreclosure based on ambiguities regarding U.S. Bank's status as holder of the note.  Plaintiffs assert that only the holder of the note can conduct a foreclosure and that a note indorsed in-blank, such as occurred in this case, is not sufficient to demonstrate that U.S. Bank was the holder of Plaintiffs' note.  Consequently, U.S. Bank did not have standing to conduct the judicial foreclosure.

Plaintiffs assert a host of other theories in an effort to cast doubt on Defendants' right to foreclose on the defaulted property.  They argue that they were not given an opportunity to cure the default prior to foreclosure.  They question whether U.S. Bank authorized MERS and SLS, as agents, to foreclose on Plaintiff's property.  They contend that the deed of trust was split from the note, thereby rendering it unsecured and making it impossible for the holder of the note to foreclose unless the holder of the deed of trust is the agent of the holder of the note.  Plaintiffs also argue that because Mississippi is an intermediate theory state, their default on the note vested title in the original trustee (Vicky L. Parry) of the deed of trust and not U.S. Bank. Finally, Plaintiffs argue that whether SLS is a debt collector or a creditor should be determined through the course of discovery in order to determine the applicability of the FDCPA.

<u>**Law and Analysis**</u>

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed.  The court uses that same standard as that for a judgment to dismiss under Rule 12(b)(6) for failure to state a claim.  *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).  The central inquiry is whether, in reviewing the pleadings in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Id.*  To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face.  *Id.*  "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts."  *Hebert Abstract Co. v. Touchstone Props., Ltd.,*, 914 F.2d 74, 76 (5th Cir. 1990).

 Plaintiffs have attached to their complaint copies of the deed of trust and assignment of deed of trust.  *See* Fed. R. Civ. P. 10(c)("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").  In support of their motion, Defendants also provided a copy of the note executed on September 22, 2006.  Although Plaintiffs did not attach a copy of the note to their complaint, the Court will consider the note in conjunction with the motion on the pleadings because Plaintiffs referred to it in their complaint.  *See Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)(court may consider documents referred to in plaintiff's complaint and attached to motion to dismiss).  The parties do not dispute the relevance or validity of these documents for purposes of assessing Defendants motion for judgment on the pleadings.

On September 22, 2006, Plaintiffs executed the note and deed of trust naming Chevy

Chase Bank as the lender.  The note indicates that "[t]he Lender or anyone who takes this Note

by Transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"

According to the terms of the deed of trust, "MERS is the beneficiary under this Security

Instrument".  Based on the assignment of deed of trust, executed on April 9, 2010, MERS then

assigned Plaintiffs' deed of trust to U.S. Bank as trustee.  The deed of trust provides for a power

of sale in the event of the borrowers' default–a right which the Defendants then exercised upon

Plaintiffs' default.

Section 75-3-205 of the Mississippi Code distinguishes between a special indorsement

and a blank indorsement.

> If an indorsement is made by the holder of an instrument, whether
> payable to an identified person or payable to bearer, and the
> indorsement identifies a person to whom it makes the instrument
> payable, it is a "special indorsement."  When specially indorsed, an
> instrument becomes payable to the identified person and may be
> negotiated only by the indorsement of that person.

Miss. Code Ann. § 75-2-205(a).

> If an indorsement is made by the holder of an instrument and it is
> not a special indorsement, it is a "blank indorsement."  When
> indorsed in blank, an instrument becomes payable to bearer and
> may be negotiated by transfer of possession alone until specially
> indorsed.

Miss. Code Ann. § 75-2-205(b).  Plaintiffs apparently concede that the note is indorsed in-blank,

but argue that an in-blank indorsement does not prove U.S. Bank's holder status of the note and

does not confer legal standing on U.S. Bank to conduct a non-judicial foreclosure.

Contrary to Plaintiffs' assertion, U.S. Bank's status as holder of the note indorsed in-

blank is sufficient for U.S. Bank to enforce the provisions of the note.  The holder of a negotiable

paper is presumed prima facie to be a holder in due course.  *See Ocwen Loan Servicing, LLC v. Branaman*, 554 F.Supp.2d 645, 650 (N.D. Miss. 2008).  Likewise, the holder of a note indorsed in-blank is presumed prima facie to be the bona fide owner of it.  *See Kirby v. Bank of America, N.A.*, 2011 WL 6092433 (S.D. Miss. 2011)(*citing Sivley v. Williamson*, 72 So. 1008, 1008 (Miss. 1916)).  Title to such a note passes by a delivery of the note.  *Sivley*, 72 So. at 1008.  The law of Mississippi "does not require that a holder must present an original wet-ink contract in order to be the holder in due course" for purposes of initiating a non-judicial foreclosure.  *See Hennis v. Trustmark Bank*, 2010 WL 5346262 (S.D. Miss. Dec. 21, 2010).  A negotiable instrument indorsed in-blank does not prevent the bearer of the instrument from enforcing its provisions.  *See e.g. City of Hialeah v. Groves*, 101 F.2d 951, 952 (5th Cir. 1939)("[l]ack or want of status as a holder in due course is not a defense to a negotiable instrument payable to bearer"); *American Book Co. v. White System of Jackson*, 78 So.2d 582, 583-84 (Miss. 1955).  The burden to prove that the holder is not entitled to recover upon the note is cast on the party seeking to escape its provisions.  *Ocwen Loan Servicing, LLC*, 554 F.Supp.2d at 648.

Plaintiffs contend that Defendants needed to show more than mere assignment of the deed of trust to prove U.S. Bank's status as holder.  To the extent that Plaintiffs argue that U.S. Bank lacked standing to conduct a nonjudicial foreclosure based on a failure to provide conclusive proof that they were holders of the note, courts have routinely rejected this type of "show me the note" theory.  *See Stein v. Chase Home Financing, LLC*, 662 F.3d 976, 979-80 (8th Cir. 2011); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009).

Plaintiffs also assert that pursuant to the Miss. Code Ann. §§ 75-3-201 and 75-3-302,

5

Defendants must demonstrate that the current holder and any prior holders took title in good faith, for consideration, and not while in default.  Plaintiffs' interpretation of Mississippi statutory law is incorrect.  Section 201(b) indicates that "[i]f an instrument is payable to bearer, it may be negotiated by transfer of possession alone."  Miss. Code Ann. § 75-3-201(b).  The parties agree that the note was indorsed in-blank and therefore would be payable to the bearer of the instrument.  Section 205(b) specifically provides that an instrument indorsed in-blank "may be negotiated by transfer of possession alone".  Miss. Code Ann. § 75-3-205(b).  Pursuant to Miss. Code § 75-3-301 a "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument".  The provisions of Miss. Code Ann. 75-3-302(a) cited by Plaintiffs would be relevant only if Plaintiffs asserted a defense such as fraud or duress to the enforcement of the note.  *See Ocwen Loan Servicing, LLC*, 554 F.Supp.2d at 648 ("the holder of a negotiable paper is presumed to be a prima facie holder in due course"); *Carson v. McNeal*, 375 F.Supp.2d 509, 515-516 (S.D. Miss. 2005)(explaining that § 302(a) provides circumstances in which a "holder of an instrument" is deemed a "holder in due course"); *City of Hialeah*, 101 F.2d at 952.

The chain of events in this case, as demonstrated by the pleadings and attached documents, is rather straightforward.  The assignment of the deed of trust from MERS to U.S. Bank demonstrates U.S. Bank's status as holder of the note.  *See Ocwen Loan Servicing, LLC*, 554 F.Supp.2d at 650.  In other words, Plaintiffs owed the debt to U.S. Bank by way of transfer of the indorsed in-blank note and the assignment of the deed of trust from MERS to U.S. Bank.  Hence, U.S. Bank was entitled to enforce the provisions of the documents, including the initiation of a non-judicial foreclosure, after Plaintiffs defaulted on the note.  Based on the allegations in the pleadings examined in conjunction with the terms of the underlying note, deed

6

of trust, and assignment of deed of trust, the Court concludes that U.S. Bank was the holder of the note and entitled to enforce its provisions. Therefore, as a matter of law, U.S. Bank did not wrongfully foreclose on Plaintiffs' property.

Plaintiffs' remaining arguments are without merit but bear some further examination. Plaintiffs contend that they were not allowed an opportunity to cure the default. However, the case law cited by Plaintiffs is inapplicable because it involved plaintiffs who disputed whether they were in fact in default. *See Temple-Inland Mortg. Corp. v. Jones*, 749 So.2d 1161, 1167 (Miss. Ct. App. 1999)(analyzing *Nat'l Mortg. Co. v. Williams*, 357 So.2d 934 (Miss. 1979) and *Johnson v. Gore*, 80 So. 2d 731 (Miss. 1955)). Furthermore, in *Williams* and *Johnson*, the plaintiffs' respective defaults resulted from unconscionable or inequitable action on the part of the defendants. *See Temple-Inland*, 749 So.2d at 1167-68. In the instant case, it is undisputed that the Plaintiffs were in default at the time of the non-judicial foreclosure. Moreover, Plaintiffs do not allege any unconscionable or inequitable action on the part of the Defendants that brought about Plaintiffs' default. Nor do Plaintiffs cite to any controlling authority vesting Plaintiffs with a right to cure default prior to commencement of foreclosure proceedings in circumstances such as presented by the instant case.

Plaintiffs argue in their response that Defendants have not proved that MERS and SLS were agents of the trust. Such an inquiry is immaterial, because Plaintiffs do not allege in their complaint that MERS and SLS were not agents. Nor do they allege that MERS and SLS were required to be agents for the foreclosure to be valid. This claim simply does not appear in the complaint.

Plaintiffs also argue that the note became unsecured when it split from the deed of trust.

However, Plaintiffs have cited no controlling statutory or case law supporting this legal theory. To the contrary, courts have repeatedly discredited this theory. *See e.g. Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Horvarth v. Bank of New York, N.A.*, 641 F.3d 617, 624 (4th Cir. 2011); *Bell v. Bank of merica Home Loan Servicing LP*, 2012 WL 568755 at *4 (S.D. Tex. Feb. 21, 2012); *Johnson v. Homecomings Fin.*, 2011 WL 4373975 at *3 (S.D. Cal. Sept. 20, 2011).  This Court likewise is unpersuaded by Plaintiffs' theory.

Plaintiffs next argue that Defendants transfer of title from the original trustee was ineffective because Mississippi is an "intermediate theory" state.  Plaintiffs cite to *In re Martin*, 276 B.R. 552 (N.D. Miss. 2001) in support of this legal theory.  According to Plaintiffs, when they defaulted on the note in November 2009, Vicki Parry, as the trustee, obtained title to Plaintiffs' home.  It was only subsequent to the default that Defendants assigned the deed of trust from MERS to U.S. Bank.  Plaintiffs assert that Defendants did not attempt to transfer title from Parry.  According to Plaintiffs' theory, any transfer of title for the Plaintiffs' home subsequent to default should have been in writing pursuant to Miss. Code Ann. § 15-3-1(c).  Plaintiffs argue that the post-default transfer to U.S. Bank was therefore ineffective.

As correctly pointed out by Defendants, the bankruptcy judge in *In re Martin* stated that "title to the real property transfers to the *mortgagee or trustee* upon default."  276 B.R. at 555 (emphasis added).  MERS as beneficiary under the deed of trust and by the express terms of the deed of trust had the right to foreclose and sell the property.  MERS assigned that right to U.S. Bank, which exercised its right of foreclosure under the terms of the contract.  The Court is not persuaded by Plaintiffs' contention that Parry somehow maintained title to the property despite

8

the transfer and assignment to U.S. Bank, and despite U.S. Bank's status as holder of the note.

Finally, the Court finds that Plaintiffs' argument with respect to its FDCPA claim has no bearing on the resolution of the instant motion.  Plaintiffs' FDCPA claims are based on the premise that Defendants "SLS and Morris made false representations about the debt; namely, to whom the debt was owed."  As demonstrated in the foregoing discussion, there was no uncertainty or ambiguity about the identity of the beneficiary of the note.  The collection letter attached as an exhibit to Plaintiffs' complaint in fact identifies U.S. Bank as the trustee entitled to payment of Plaintiffs' debt.

The Plaintiffs have sued John and Jane Does 1-10, but they have not attempted to name or serve these defendants.  As these are the only claims remaining in this lawsuit, Plaintiffs will be given thirty days to name the John and Jane Doe defendants, or those claims will be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [20] Motion for Judgment on the Pleadings is GRANTED and Plaintiffs' complaint is dismissed with prejudice as to the named Defendants.

IT IS FURTHER ORDERED that Plaintiffs must file an amended complaint naming John and Jane Does 1-10 within thirty days of the date of this Memorandum Opinion and Order or those claims will also be dismissed.

SO ORDERED, this the 6th day of March, 2012.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE